**FILED**

JEANNE A. NAUGHTON, CLERK

July 10, 2017

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY:    <u>MARGARET COHEN</u>             ,
        JUDICIAL ASSISTANT

<table>
<tr><td>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

In Re:

M&M FUEL OIL TRUCKING, INC.,

                    Debtor.

---

BARBARA A. EDWARDS, AS CHAPTER 7
TRUSTEE,
                    Plaintiff,

v.

MARIO REIS, M&M FUEL SERVICE, LLC, M&M
FUEL OIL SERVICE LLC AND MICHAEL
WIJATYK,

                    Defendants.

</td><td>

Case No.:        15-13965 (VFP)

Chapter:         7


Hearing Date:   June 27, 2017

Adv. Pro. No.:  15-2324 (VFP)

Judge:          Vincent F. Papalia

</td></tr>
</table>

<u>**OPINION**</u>

**APPEARANCES**:

| | |
|---|---|
| BARBARA A. EDWARDS, ESQ. | ANDREW T. SHAW, ESQ. |
| Muscarella, Bochet, Edwards  & D'Alessandro | 301 Dover-Chester Road |
| 10-04 River Road | Randolph, NJ 07869 |
| Fair Lawn, NJ 07410 | *Attorney for Defendant Michael Wijatyk* |
| *Chapter 7 Trustee* | |
| | |
| ERIN R. KENNEDY, ESQ. | MELISSA ANN CHAPASKA, ESQ. |
| Forman Holt | Hawke, McKeon & Sniscak, LLP |
| 66 Route 17 North | 100 North Tenth Street-P. O. Box 1778 |
| Paramus, NJ 07652 | Harrisburg, PA 17105 |
| *Attorney for Chapter 7 Trustee* | *Attorney for Intervenor Sycamore Energy-Rockaway Retail, LLC* |
| | |
| CHRISTOPHER R. HIGGINS, ESQ. | ANDREW J. KELLY, ESQ. |
| Law Office of Christopher R. Higgins, Esq., LLC | The Kelly Firm, P. C. |
| P. O. Box 124 | Coast Capital Building |
| Parlin, NJ 08859 | 1011 Highway 71, Suite 200 |
| *Attorney for Debtor and for* | Spring Lake, NJ 07762 |
| *Defendant Mario Reis* | *Attorney for Intervenor World Business Lenders, LLC* |

**HONORABLE VINCENT F. PAPALIA, Bankruptcy Judge**

## I. INTRODUCTION

This matter is before the Court on the Motion filed by Sycamore Energy-Rockaway Retail, LLC, as Intervenor ("Sycamore"), in the captioned adversary proceeding to enforce a November 30, 2015 *Order Granting Injunctive Relief* (the "Order") (Adv. Dkt. No. 53). The Order was originally obtained by Chapter 7 Trustee Barbara A. Edwards, Esq. to compel the Defendants (none of whom is the Debtor) to turn over, to account for, and to refrain from using the Debtor's property (as well as the Debtor's business profits). Sycamore, a creditor of the Debtor, was granted leave to intervene in the adversary proceeding and to enforce the November 30, 2015 Order on its own behalf. The Trustee subsequently determined to abandon the estate's interest in the property as of inconsequential value to the estate. *See* 11 U.S.C. § 554(a) and Dkt. Nos. 49, 74, and 79. On June 27, 2017, the Court held a hearing on this Motion attended by counsel for Sycamore, no other party-in-interest having filed an objection or appeared, and now issues this Opinion.

## II. JURISDICTIONAL STATEMENT

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and under the Standing Orders of Reference entered by the United States District Court on July 10, 1984 and amended on September 18, 2012. The Court also has core jurisdiction, as this is a proceeding to enforce its own Order. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *In re FormTech Indus., LLC*, 439 B.R. 352, 357 (Bankr. D. Del. 2010); 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this Court under 28 U.S.C. § 1408. The Court issues the following findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052. To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

### III. STATEMENT OF FACTS

The Debtor, M&M Fuel Oil Trucking, Inc. (the "Debtor") filed a voluntary Chapter 11 bankruptcy petition on March 6, 2015, through counsel, Christopher Roy Higgins, Esq., over the signature of Defendant Mario Reis as Director ("Mario").[1]   On September 11, 2015, the Court entered an Order converting the Debtor's case to one under Chapter 7, on the unopposed motion filed by the Office of the United States Trustee, after the Debtor failed to meet its obligations under Chapter 11 (Main Dkt. No. 31, Sept. 11, 2015 Conversion Order).  Barbara A. Edwards, Esq., was appointed Chapter 7 Trustee (the "Trustee"), and she retained the law firm Forman, Holt, Eliades & Youngman, LLC (now Forman Holt) as special counsel by Order entered on November 3, 2015 (Main Dkt. No. 58).

On October 30, 2015, the Trustee filed the instant adversary proceeding with an Order to Show Cause to enjoin Defendants Mario Reis and M7M [sic] Fuel Oil Trucking, Inc.[2] from using the Debtor's assets (particularly motor vehicles), accounts and customer lists in a successor business and to compel the Defendants to turn over at least $24,064 in receivables collected from Debtor's customers (Adv. Dkt. No. 3).[3]   According to the Trustee's application, Sycamore advised the Trustee about the Debtor's continuing operation and the successor's misuse of Debtor's assets (Dkt. No. 3-3, Atkins Aff. in Support of Order to Show Cause, Exs. A and B, letters dated Sept. 16, 2015 and Oct. 6, 2015 from counsel for Sycamore to the Trustee).

In response to the Trustee's Order to Show Cause, Debtor's attorney, Christopher R. Higgins, Esq., certified "on information and belief" that Mario had ceased operating the Debtor

---

[1] The bankruptcy petition inexplicably indicated that the Debtor had no equity security holders (Main Dkt. No. 1, Petition, *List of Equity Security Holders*).  Mario and Mia Reis, his wife, represented by Warren D. Levy, Esq., filed a voluntary Chapter 11 petition on February 25, 2015 under Case No. 15-13192 (VFP), but the case was dismissed by Order entered on April 30, 2015 for failure to file missing documents and closed on June 8, 2015.

[2] The original Complaint was filed against "M7M" and was corrected in the amended complaint, *infra.*

[3] Defendant Michael Wijatyk ("Wijatyk") is Mario's son-in-law (Adv. Dkt. Nos. 18 and 20, Am. Compl. and Wijatyk's Answer, ¶ 12).  Sycamore advised the Court at the June 27, 2017 hearing that Wijatyk had cooperated with Sycamore and was not considered to be in violation of the Order.  Accordingly, Sycamore is not seeking relief against Wijatyk.

and that Mario's son-in-law was operating the similarly named Defendant, M&M Fuel Oil Service (Adv. Dkt. No. 12, Higgins Cert., ¶¶ 4-13).[4]   The Trustee objected to this attorney certification as nonresponsive, improper and as essentially supporting the Trustee's allegations in any event (Adv. Dkt. No. 14).   The Court entered the *Order Granting Injunctive Relief* on November 30, 2015 (Adv. Dkt. No. 16).   On December 28, 2015, also pursuant to this Order, the Trustee filed an Amended Complaint and named as the complete roster of Defendants:   Mario Reis; M&M Fuel Service LLC; M&M Fuel Oil Service LLC; and Michael Wijatyk (Adv. Dkt. No. 18).   Andrew T. Shaw, Esq., filed an Answer to the Amended Complaint on behalf of Wijatyk (Adv. Dkt. No. 20).

The Debtor scheduled Sycamore on its petition as the ninth largest, general unsecured creditor in the amount of $39,021 (Main Dkt. No. 1, pp. 6, 22).   Sycamore filed a timely proof of claim #3-1 on June 22, 2015 in the amount of $45,460.   The claim consists of accounts receivable, which Sycamore acquired through the purchase of another entity (Claim #3-1, June 22, 2015 letter of counsel for Sycamore).   On April 4, 2016, Sycamore filed a motion to intervene in the adversary proceeding on the grounds that the Defendants continued to operate with Debtor's assets in derogation of the November 30, 2015 Order (Adv. Dkt. No. 26). Sycamore based its motion on the certification of Louis Aponte, General Manager, that (i) a Sycamore employee observed one of Debtor's fuel trucks operating on February 14, 2016; (ii) that Debtor still had a Facebook page as of March 31, 2016 (showing a customer order dated February 29, 2016); and (iii) that, as of March 31, 2016, Defendant M&M Fuel Oil Service, LLC, represented on its Facebook page that it was "M&M Fuel Oil Trucking" (Adv. Dkt. No. 26-4, Aponte Cert., ¶¶ 6-9).   The Court granted the unopposed motion for intervention by Order

---

[4] Higgins filed a Notice of Appearance on behalf of *Mario* in the adversary proceeding on November 9, 2015 (Adv. Dkt. No. 11).

entered on August 8, 2016 (Adv. Dkt. No. 28), and Sycamore filed a Third-Party Complaint on

August 15, 2016 (Adv. Dkt. No. 30).

On December 1, 2016, the Trustee moved to dismiss this adversary proceeding on the

grounds that the successor entity had ceased operating; that Debtor's books and records were in

such disarray as to militate against further administration; that the vehicles were

overencumbered; that the customer lists had limited value; and, in general, that any value

remaining in the assets was not worth the expense of collecting and administering them and

would not create a benefit for the bankruptcy estate (Adv. Dkt. No. 40-1, Trustee's Cert.,

¶¶ 12-20).[5]  Sycamore opposed dismissal on the grounds that it believed that Mario Reis was still

violating the November 30, 2015 Order and using Debtor's assets to operate a successor

company (Adv. Dkt. No. 43, Sycamore Obj., ¶¶ 7-11).  A January 18, 2017 letter from Chambers

asked Sycamore to address whether its Third-Party Complaint should be dismissed without

prejudice to Sycamore's right to bring the action in another court, based on "procedural and

practical" concerns, including whether the Bankruptcy Court had continuing jurisdiction after the

main complaint is dismissed (Adv. Dkt. No. 45).[6]   Sycamore, through counsel, asked the

Bankruptcy Court to retain jurisdiction over the adversary proceeding and to continue to enforce

its Order (Adv. Dkt. No. 44).

---

[5] The Trustee gradually abandoned the assets of the estate in three Notices of Abandonment filed pursuant to 11 U.S.C. § 554(a).  On October 15, 2015, the Trustee abandoned "[a]ll office equipment, fixtures, furnishings and supplies at [Debtor's] premises" (Main Dkt. No. 49).  The Clerk's Office docketed a certification that no objections were filed to this abandonment (Main Dkt. No. 57, filed Nov. 4, 2015).  On October 20, 2016, the Trustee abandoned the Debtor's motor vehicles (Main Dkt. No. 74).  The Clerk's Office docketed a certification that no objections were filed to this abandonment (Main Dkt. No. 76, filed Nov. 18, 2016).  On February 7, 2017, the Trustee abandoned "[a]ll the assets of the debtor, M&M Fuel Oil Trucking, Inc., including but not limited to accounts receivable, books and records and customer lists" (Main Dkt. No. 79).  The Clerk's Office docketed a Certification that no objections were filed to this abandonment (Main Dkt. No. 84, filed Mar. 1, 2017).  Under 11 U.S.C. § 554(a) abandoned property remains property of the Debtor subject to any claims of any other parties-in-interest.

[6] Another intervenor, World Business Lenders, LLC, consented to dismissal of the case and the adversary proceeding, as World Business claimed an interest only in the vehicles, which the Trustee abandoned (Adv. Dkt. No. 46).

At the hearing on January 31, 2017 the Court:  (i) dismissed the adversary Complaint and the Third-Party Complaint of World Business; (ii) ordered Sycamore to file a contempt motion within ninety (90) days; and (iii) determined that the Court would retain jurisdiction over the Sycamore Third-Party Complaint for the limited purpose of deciding the contempt Motion and appropriate remedies (Adv. Dkt. No. 51, Feb. 3, 2017 Order).  Sycamore timely filed the instant Motion on May 2, 2017 and was ordered to re-serve it on the Defendants by certified mail (having initially relied on electronic notice only) (Adv. Dkt. Nos. 53, 54).  Sycamore served Mario Reis through Higgins, who, as indicated above, had filed a Notice of Appearance on behalf of Mario Reis in this matter.

The Motion relies (i) on a photograph of an undated postal advertisement showing "J&M Fuel" and its contact information on one side and the legend "formerly M&M Fuel"; and (ii) on other similar evidence (Adv. Dkt. No. 53-3, Attorney Cert., Ex. B).  Sycamore also attaches the Trustee's November 30, 2016 Certification in support of the Trustee's dismissal Motion (which reprises the results of the Trustee's investigation of the unauthorized use and/or transfer of Debtor's assets) (Adv. Dkt. No. 53-3, Ex. C).  Based on these exhibits, Sycamore argues that Mario and the other Defendants (except Wijatyk) should be held in contempt on ground that the Debtor has either continued to operate through a successor or that the Debtor has transferred its information to a successor (Adv. Dkt. No. 53-3, Attorney Cert., Exs. B and C; Adv. Dkt. No. 53-4, Br.).  The Motion remained unopposed through the June 27, 2017 adjourned return date.

## IV.  CONCLUSIONS OF LAW

The Bankruptcy Court has the power to sanction parties for civil contempt pursuant to 11 U.S.C. § 105(a). *In re Global Prot. USA, Inc.*, 546 B.R. 586, 631 (Bankr. D.N.J. 2016).  In order to establish civil contempt, a plaintiff must prove the following three elements by clear and convincing evidence:

(1) [that] a valid order of the court existed;

(2) that the defendants had knowledge of the order; and

(3) that defendants disobeyed the order.

*Roe v. Operation Rescue*, 54 F.3d 133, 137 (3rd Cir. 1995) (internal citations omitted); *In re Swanson*, 207 B.R. 76, 80 (Bankr. D.N.J. 1997). "[G]ood faith is not a defense to civil contempt," and "willfulness is not necessary element." *Robin Woods, Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994); *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010). The terms of the order must be "specific and definite." *In re Vill. Craftsman Inc.*, 160 B.R. 740 (Bankr. D.N.J. 1993). After the movant establishes a prima facie case for civil contempt, the burden shifts to the alleged contemnor to present "evidence to show a present inability to comply with the court's order." *In re Affairs with Flair, Inc.*, 123 B.R. 724, 727 (E.D. Pa. 1991). Courts are encouraged to impose as a sanction no more than what is reasonably necessary to deter objectionable conduct in the future. *In re Gravel*, 556 B.R. 561, 576 (Bankr. D. Vt. 2016).

In the instant case, the Court finds that the terms of its November 30, 2015 Order were clear and definite (Adv. Dkt. No. 16). In principal part, the Order enjoined and directed as follows:

The Defendants are:

(a)    enjoined from utilizing the Debtor's property;
(b)    enjoined from operating the Debtor's business;
(c)    directed to immediately account for and turn over to the Trustee the property of the Debtor's estate; and
(d)    directed to turn over to the Trustee $24,064.70 and any other undisclosed sums collected for post-petition deliveries of heating oil fuel to the Debtor's customers.

(Adv. Dkt. No. 16). The Defendants did not seek reconsideration of this Order or appeal it.

The Court finds that the Defendants had knowledge of this Order. Mario Reis received direct service of this Order through the Bankruptcy Noticing Center on December 2, 2015 (Adv. Dkt. No. 17). His attorney, Higgins, received electronic notice of its entry (Dkt. No. 16, Order).

7

Higgins accepted service of the instant motion (which included a copy of the November 30, 2015

Order) by certified mail and also received electronic notice of it (Adv. Dkt. Nos. 54, 55).  As set

forth above, no Defendant filed an objection to this Motion.  Nor is there any evidence that any

of the Defendants (other than Wijatyk) complied with the Order or were unable to comply with

its terms. To the contrary, the uncontroverted evidence presented with the Motion demonstrated

that the Order was violated in various ways.

The Court finds that the Defendants had knowledge of the November 30, 2015 Order and

of its specific and definite terms and failed to comply with the Order or to offer any evidence of

their present inability to comply with it.

## V.  CONCLUSION

For all the foregoing reasons, Defendants Mario Reis, M&M Fuel Service, LLC, M&M

Fuel Oil Service LLC, M&M Fuel Oil Trucking, LLC, and/or any other entity owned or

controlled by Mario Reis that is or was involved in substantially the same business as the Debtor,

are found in contempt of the November 30, 2015 Order.  A form of implementing Order is

provided.


Dated:  July 10, 2017                                          /s/ Vincent F. Papalia
                                                             VINCENT F. PAPALIA, U.S.B.J.